# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANDRE MAHONE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:16-CV-1122 CEJ |
| DOUGLAS J. PRUDDEN, | ) ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to stay this case pending exhaustion of remedies in state court.

After petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the Court ordered him to show cause why the petition should not be dismissed for failure to exhaust state remedies. Petitioner filed the instant motion in response to the order to show cause. In the motion, petitioner states that he is currently pursuing postconviction relief in the Missouri Court of Appeals. *Mahone v. Missouri*, ED 102976 (Mo. Ct. App.). His appeal had been remanded to the trial court for the limited purpose of determining whether he was abandoned by counsel, but it was otherwise unresolved. On August 16, 2016, the trial court determined that counsel had abandoned him and that his amended motion for postconviction relief should not be deemed time-barred. *Mahone v. Missouri*, 13SL-CC01449-01 (St. Louis County). Petitioner says that his case is now again before the appellate court. He asks that the § 2254 proceedings be stayed pending disposition of the state proceedings.

"As a prerequisite for federal habeas review, a petitioner must exhaust state remedies . . ." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). The United States Supreme Court

has held that a district court has discretion to stay and abey a *mixed* habeas petition of both exhausted and unexhausted claims, while a petitioner returns to state court to exhaust his unexhausted claims. *Rhines v. Webber*, 544 U.S. 269, 278 (2005). However, there is no authority to stay and abey an action such as this one, where petitioner has not presented *any* exhausted claims in his habeas petition. Therefore, the petition will be dismissed without prejudice.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is unexhausted. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to stay [Doc. No. 5] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2016.